IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DONNA BELL, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-121-R |
| | ) | |
| AMERICA'S POWERSPORTS, INC., and | ) | |
| APS OF OKLAHOMA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Before the Court is Plaintiff's Motion to Strike Affirmative Defenses, Doc. No. 13. Defendants have responded in opposition to the motion, Doc. No. 14, and Plaintiff has replied, Doc. No. 15. Upon review of the parties' submissions, the Court grants Plaintiff's motion in part and denies the motion in part.

**I.     Background**

Plaintiff brought this action pursuant to Title VII of the Civil Rights Act, and the Oklahoma Anti-Discrimination Act ("OADA"). Plaintiff alleges that she was wrongfully terminated in retaliation for reporting gender discrimination. She moves to strike Defendants' denials at paragraph 3, 18 and 22, and Defendants' Affirmative Defenses Nos. 2, 4, 5, 7, 10, and 11, which state:

> 3. Defendants deny each and every allegation contained in Paragraph 3 of Plaintiff's Petition. Defendants assert that all actions taken with respect to Plaintiff's employment, including the termination thereof, were taken in good faith and for nondiscriminatory, non-retaliatory business reasons. . . .

18. Defendants deny each and every allegation contained in Paragraph 18 of Plaintiff's Petition. All actions taken with respect to Plaintiff's employment, including the termination thereof, were taken in good faith and for non-discriminatory, non-retaliatory business reasons. . . .

22. Defendants deny each and every allegation contained in Paragraph 22 of Plaintiff's Petition. Defendants further assert that Plaintiff is not entitled to any relief whatsoever, including all such relief requested in Paragraph 22 of Plaintiff's Petition. Additionally, at all times, Defendants acted in good faith with respect to Plaintiff's employment, including the termination thereof. . . .

2. Plaintiff may have failed, in whole or in part, to exhaust her administrative remedies as to any claims, subject to the jurisdiction of the EEOC, which were not a part of her EEOC Charge Nos. 564-2019-01481 and 564-2019-01480. . . .

4. Non-discrimination, non-harassment, and anti-retaliation policies and procedures were adequately and reasonably disseminated and enforced by Defendant, APS of Oklahoma, LLC, and Plaintiff's claims are barred to the extent she failed to properly follow procedures for reporting alleged harassment and discrimination, and/or to the extent prompt, appropriate, and effective action was taken to prevent or correct any such behavior and/or harassment following notification thereof.

5. Defendants deny the allegations regarding the alleged conduct of Robert Dodson and David Baymen. Alternatively, Defendants are not liable for the actions of any employee acting outside the scope of their employment. Any damages suffered by Plaintiff are a proximate result of the conduct of third parties for whom Defendant is not responsible, and in no way were caused by, or otherwise attributable to Defendants. Accordingly, any such damages should either be completely denied, or apportioned according to the evidence. . . .

7. Defendants have not engaged in any conduct that would justify imposition of punitive damages. Defendants' actions, if any, were taken in good faith, and Defendants had reasonable grounds to believe that its actions were not in violations of the laws alleged. . . .

10. Plaintiff's damages may be limited by the doctrine of after acquired evidence.

11. Any damages suffered by Plaintiff are a proximate result of her own conduct and in no way were caused by or otherwise attributable to Defendant. Accordingly, any such damages should either be denied completely, or apportioned according to the evidence.

Doc. No. 11, p. 2–8.

## II.     Standard of Review

Federal Rule of Civil Procedure 8(c) requires defendants to set forth specified affirmative defenses in an answer along with any other matters constituting "an avoidance or affirmative defense." If an affirmative defense is legally insufficient, however, Rule 12(f) permits a court to strike it. Fed. R. Civ. P. 12(f). "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Lofton v. FTS Int'l Mfg., LLC*, No. CIV-17-242, 2017 WL 3741982, at *5 (W.D. Okla. Aug. 30, 2017) (internal quotation marks and citation omitted). "It also serves to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial." *United States v. Land O'Lakes, Inc.*, No. CIV-16-170-R, 2017 WL 706346, at *4 (W.D. Okla. Feb. 22, 2017) (internal quotation marks and citation omitted).

"[A]ffirmative defenses . . . are subject to the pleading requirements of Rule 8 . . . and *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) . . . ." *Gibson v. Officemax, Inc.,* No. CIV–08–1289–R, slip op. at 2 (W.D. Okla. Jan. 30, 2009) (unpublished).[1] In that regard, when considering a motion to strike affirmative defenses, federal courts "must examine each affirmative defense at issue to ascertain whether any question of fact or law is raised by the defense. If a defense raises such a question, then the motion to strike is improper and the issue must be decided subsequently on the merits, when more information is available." *Land O'Lakes, Inc.*, 2017 WL 706346,

---

[1] This Court in *Gibson* recognized a "single exception [to the pleading requirements of Rule 8] for the 'affirmative defense' of failure to mitigate damages, because a Title VII plaintiff has the duty to mitigate her damages . . . and under Oklahoma law, even though failure to mitigate is an affirmative defense, once the defense is raised it is the Plaintiff's burden to prove that he or she exercised reasonable diligence to mitigate his or her damages." *Gibson,* slip op. at 3 (internal citations and quotation marks omitted).

3

at *4 (internal quotation marks and citation omitted). "[T]he federal courts generally view motions to strike with disfavor and infrequently grant such requests." *Lofton*, 2017 WL 3741982, at *5 (internal citation and quotation marks omitted). Nevertheless, "striking an affirmative defense rests within the discretion of the trial court," *Id.* (internal citation and quotation marks omitted).

### III.   Affirmative Defense No. 2.

First, Plaintiff asserts that Defendants' second affirmative defense, regarding Plaintiff's failure to exhaust administrative remedies, is merely hypothetical and should be stricken because Defendants do not identify which claims Plaintiff failed to exhaust. Doc. No. 13, p. 2–4. Plaintiff contends that her only claims are for wrongful termination under Title VII of the Civil Rights Act and the OADA, and that each claim has been appropriately exhausted with the Equal Employment Opportunity Commission (EEOC). *Id.* As a justification for their affirmative defense, Defendants assert that Plaintiff's Petition contains language that implicates claims other than wrongful termination, and that the factual allegations in Plaintiff's Petition differ from those contained in Plaintiff's Charges of Discrimination filed with the EEOC. Doc. No. 14, p. 4–5. Moreover, Defendants suggest that new theories of relief, not presented to the EEOC, might arise during discovery. *Id.*

While the Court agrees that Plaintiff's Petition was less than clear, *see* Doc. No. 1–1 (seeking relief for "gender discrimination, including retaliation . . . ."), Plaintiff has clarified that she is only asserting a claim for retaliation—*i.e.*, her wrongful termination. Doc. No. 13, p. 3. If Plaintiff seeks to amend her complaint in the future to include additional theories of gender discrimination, Defendants will have an opportunity to assert

additional affirmative defenses. As it stands, this affirmative defense amounts to a request to reserve a defense to a hypothetical claim that Plaintiff has not brought against the Defendants. What's more, the defense fails to give Plaintiff adequate notice of which claims, if any, Plaintiff purportedly failed to exhaust. The Court finds the defense legally insufficient as currently alleged.

To the extent Defendants contend that Plaintiff's claim for wrongful termination was not administratively exhausted due to differences in her Petition as compared to her charges filed with the EEOC, the Court grants Defendants fourteen days from the date of this order to amend their affirmative defense to include additional factual detail. If no amended answer is filed within fourteen days of this order, Defendants' second affirmative defense will be deemed stricken without need of further order from the Court. *See Leonzetta Williams v. Encore Healthcare, LLC*, Case. No. CIV-12-0906-F, slip op. at 4 (W.D. Okla. Dec. 13, 2012).

### IV.     Affirmative Defense No. 4.

Next, Plaintiff argues that Defendants' fourth affirmative defense—concerning company policies and Plaintiff's alleged failure to report harassment—merely recites the defense recognized in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998), without providing any facts demonstrating how the defense applies. Doc. No. 13, pp. 4–5. Plaintiff also asserts that the defense is only relevant in response to a hostile work environment claim that does not culminate in a tangible adverse employment action, a claim she states is not alleged in this action. *Id.* Defendants respond that Plaintiff's Petition alleges she was subjected to a sexually hostile

work environment, and that even if that weren't the case, a *Faragher/Ellerth* defense is relevant to Plaintiff's retaliation claim. Doc. No. 14, pp. 6–7. Defendants also argue that Plaintiff is not prejudiced by the defense. *Id.*

The Tenth Circuit has made clear that "the *Faragher/Ellerth* defense does not apply in cases where the employer takes an adverse employment action[] . . . [such as] terminat[ing] [an individual's] employment." *McInnis v. Fairfield Communities, Inc.*, 458 F.3d 1129, 1141 (10th Cir. 2006). Here, the Defendants terminated Plaintiff's employment. Thus, Defendants' *Faragher/Ellerth* defense does not apply. Plaintiff's Motion to Strike Defendants' fourth affirmative defense is granted.

V.     **Affirmative Defense Nos. 5 and 11.**

Plaintiff further argues that Defendants' fifth and eleventh affirmative defenses, alleging comparative or contributory fault, are mere denials or legally deficient affirmative defenses. Doc. No. 13, pp. 5–6. Defendants do not address either of Plaintiff's arguments but contend that neither defense prejudices Plaintiff in any way. Doc. No. 14, p. 8.

To the extent the defenses are mere denials, they are redundant considering Defendants' previous denials. *See, e.g.*, Doc. No. 11, ¶¶ 16, 17, 22. To the extent they are affirmative defenses based upon comparative or contributory fault, they are legally deficient because Plaintiff has not raised a claim sounding in tort.[2] *See, e.g., Scroggins v.*

---

[2] To be clear, negligence under Title VII can be a theory of recovery. "An employer can be liable for Title VII sexual harassment engaged in by its supervisor if its negligence caused the harassment. Employer negligence is failing to remedy or prevent a hostile or offensive work environment of which management-level employees knew, or in the exercise of reasonable care should have known." *An v. Regents of Univ. of California*, 94 F. App'x 667, 676 (10th Cir. 2004) (internal quotation marks omitted). But Plaintiff explicitly states that she does not assert a claim under this theory of recovery. Doc. No. 13, p. 5. What's more, even reading Defendants' Answer as a whole, Defendants do not explain how Plaintiff contributed to her own injuries. The defense is therefore not relevant, and to the extent it is

6

*State of Kans., Dept. of Human Resources*, 802 F.2d 1289, 1292 n.4 (10th Cir. 1986) (characterizing as "incredible" defendant's enumerated defenses, including contributory negligence, to Plaintiff's Title VII claim); *Lofton*, 2017 WL 3741982, at *6 ("[C]ontributory negligence does not apply to intentional acts of discrimination"); *See also Doe v. Oberweis Dairy*, 456 F.3d 704, 714 (7th Cir. 2006) ("[W]e cannot find a case under Title VII in which comparative fault was recognized as a complete or partial defense to liability."); *Payne v. WS Servs., LLC*, 216 F. Supp. 3d 1304, 1311, n.1 (W.D. Okla. 2016) ("Under the Oklahoma Anti–Discrimination Act, a defendant may assert any defense available to it under Title VII." (internal citations and quotation marks omitted)). Accordingly, Plaintiff's motion to strike Defendants' fifth and eleventh affirmative defenses is granted.

## VI. Affirmative Defense No. 7 and Denials at Paragraph 3, 18, and 22.

Penultimately, Plaintiff claims that Defendants' seventh affirmative defense—alleging Defendants' good faith—contains no facts supporting its application here. Doc. No. 13. Defendants respond arguing that they included facts relating to their seventh affirmative defense in other portions of their Answer. Doc. No. 14, p. 9. Reading Defendants' seventh affirmative defense in context with the rest of Defendants' Answer, it can be easily inferred that Defendants' alleged good faith is based upon Plaintiff's supposed failure to complain about any discrimination, her poor job performance, and her

---

relevant, it is conclusory and is thus stricken. *See Lofton v. FTS Int'l Mfg., LLC*, No. CIV-17-242, 2017 WL 3741982, at *6 (W.D. Okla. Aug. 30, 2017).

insubordinate attitude. *See, e.g.*, Doc. No. 11, ¶¶ 11, 13, 15, 16. Accordingly, Plaintiff's motion to strike Defendants' seventh affirmative defense is denied.

Plaintiff also argues that Defendants' denials in paragraphs 3, 18, and 22—also alleging Defendants' good faith—should be stricken to the extent they are asserted as a defense to liability. Doc. No. 13, pp. 6–7. Defendants respond, indicating that their allegation of good faith relates to punitive damages, not to their defense to liability. *See* Doc. No. 14, p. 9. Therefore, Plaintiff's motion to strike Defendants' responses in paragraphs 3, 18 and 22 is denied as moot.

## VII. Affirmative Defense No. 10.

Finally, Plaintiff contends that Defendants' tenth affirmative defense—that Plaintiff's damages may be limited by the doctrine of after-acquired evidence—should be stricken because it is factually insufficient. Doc. No. 13, p. 8. In response, Defendants ask the Court for leave to amend their Answer to assert certain factual allegations. Doc No. 14, pp. 9–10. Plaintiff does not object. Doc. No. 15, p. 10. The Court grants Defendants fourteen days from the date of this order to amend their affirmative defense to include additional factual detail. If no amendment is filed within fourteen days of this order, Defendants' tenth affirmative defense will be deemed stricken without need of further order from the Court. *See Leonzetta Williams*, Case. No. CIV-12-0906-F at 4.

## VIII. Conclusion

For the foregoing reasons, the Court grants Plaintiff's Motion to Strike Defendants' Affirmative Defenses Nos. 4, 5, and 11. The Court denies Plaintiff's Motion to Strike Defendants' Affirmative Defense No. 7, in addition to Defendants' denials at paragraphs

3, 8, and 22. As to Plaintiff's Motion to Strike Defendants' Affirmative Defenses Nos. 2 and 10, the Court grants Defendants' request to amend. If an amendment is not made within fourteen days of this order, the defenses will be deemed stricken without need of further order from the Court.

**IT IS SO ORDERED** this 6th day of May 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE